# EXHIBIT 21



translations@geotext.com
www.geotext.com

STATE OF NEW YORK   )
                    )
                    )   ss
                    )
COUNTY OF NEW YORK  )

### CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Chinese into English of the attached Second Supplemental Certification of Pao Chu Lee and the Civil Judgment, dated July 27, 2015, which attached as Exhibit A to the Supplemental Certification.

Dustin Paul Richard, Managing Editor
Geotext Translations, Inc.

Affirmed and subscribed before me
this 8th day of April, 2016.

LYNDA GREEN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GR6205401
Qualified in New York County
My Commission Expires May 11, 2017

New York                Washington, D.C.       Chicago                Houston                San Francisco
t: +1.212.631.7432      t: +1.202.828.1267     t: +1.312.242.3756     t: +1.713.353.3909     t: +1.415.576.9500

London                  Paris                  Stockholm              Frankfurt              Hong Kong
t: +44.20.7553.4100     t: +33.1.42.68.51.47   t: +46.8.463.11.87     t: +49.69.7593.8434    t: +852.2159.9143



UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

CHEN-TEH SHU, DONG-XUNG DAI and ROBERT SHI, as Joint Executors of the Will of Yueh-Lan Wang, :

Civil Action No. 2:10-CV-05302-JMV-JBC

:

Plaintiffs,

:

v.

:

SUSAN RUEY-HWA WANG, PAO CHU LEE, and VANESSA RUEY-JI WONG, :

Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

x

-1-



I, Pao Chu Lee, hereby certify that:

1.   I am named as a Defendant in the action described above. I submit this Second Supplemental Certification in further support of Defendants' Motion to Dismiss the Amended Complaint based upon the doctrine of *forum non conveniens* and pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5) and (6). I make this Certification in order to update certain statements I made in my Declaration dated March 25, 2011 ("Declaration") and my Supplemental Certification dated July 14, 2011.

2.   I am no longer a citizen of the United States, having renounced my United States citizenship effective on January 28, 2013.

3.   As I stated in my Declaration, I have always and continuously maintained my primary residence at 13/F, No. 201-16 Tun Hua North Road, Songshan District, Taipei, Taiwan. Since October 2008, I have not travelled to or spent any time in New Jersey whatsoever. I no longer own real estate in New Jersey, having sold it in November 2012.

4.   In the ruling dated July 27, 2015, the Taiwan High Court made a factual finding that I am the sole living spouse of Y.C. Wang. (I attach a copy of the Taiwan High Court ruling as Exhibit A hereto.) In so finding, the Taiwan High Court rejected arguments advanced by Winston Wong concerning my marital status. I understand that some of these are the same arguments made by Winston Wong in these proceedings: that I was not a lawful spouse of Y.C. Wang, because I was not listed as Y.C. Wang's spouse either in Y.C. Wang's household register or in a family tree.

5.   I am expressing opposition and raising objection to whether I was properly served with process in this case and whether I am properly subject to this Court's jurisdiction. But beyond that, I am presently about to turn 81 years old and reside in Taiwan. I cannot understand how it could be fair that I should be required to carry out my defense in this action in New Jersey when the claims involved in this action are under Taiwanese civil law and involve an alleged infringement of a Taiwanese marital estate. As I have noted previously, I am willing to address these allegations in Taiwan, where the courts are fully familiar with the types of claims being made by Winston Wong.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 7, 2016

[signature]
Pao Chu Lee

2016 BYMRLZ

> [bilingual stamp:] BYMRLZ
> Case No.: 111611, Date: April 07, 2016
> Attested at the NanJing Notary Public Office of Taiwan
> Taipei District Court, R.O.C., that the signature(s)/seal(s) of
> LEE, PAO-CHU in this document is/are authentic
> Chen, Yu-Lin
> Notary Public [signature]
> 3F-1, 285, Sec. 3, Nanjing E. Rd., Taipei, Taiwan, R.O.C.

    Exhibit *A*

Civil Judgment of High Court of Taiwan

2013 Jia Shang Geng (1) Zi No. 6

| | | |
|---|---|---|
| Appellant | Margaret Kuei-yung WANG | Permanently residing at No. 201 Tunwha North Road, Sungshan District, Taipei City |
| | | Mailing address at 2nd F, No. 284, Chinchou Street, Taipei City |
| | Hsue-ling Wang | Permanently residing at 3F, No. 80 Chienkuo North Road Section 1, Chungshan District, Taipei City |
| | | Mailing address at 4th F, No. 284, Chinchou Street, Taipei City |
| | Cher WONG | Permanently residing at 1F, No. 531 Chungcheng Road, Hsindian District, New Taipei City |
| | | Mailing address at 7th F, No. 284, Chinchou Street, Taipei City |
| | Walter WANG | Permanently residing at No. 284, Chinchou Street, Taipei City |
| | Susan Ruey-hwa WANG | Permanently residing at No. 201 Tunwha North Road, Sungshan District, Taipei City |
| | Sandy Ruey-yu WANG | Permanently residing at same as the above |
| | Diana Ruey-huei WANG | Permanently residing at same as the above |
| | Lora Ruey-rong WANG | Permanently residing at same as the above |
| Attorney in fact for the eight persons listed above | Attorney I-chi Tu<br>Attorney Yung-sung Lin<br>Attorney Shu-chen Shih | |
| Appellant | Winston Wen-young Wong | Permanently residing at 12F, No. 69, Minsheng East Road Section 3, Songshan District, Taipei City |
| | | Mailing address at No. 107 Sung-chin Street, Hsinyi District, Taipei City |
| Attorney in fact | Attorney I-chun Nian<br>Attorney Feng-chun Yan<br>Attorney Wen-chung Li | [stamp:]  LEE AND LI<br>ATTORNEYS-AT-LAW<br>July 31, 2015 |
| Subagent | Attorney Yu-che Liu | GA-07-02 |
| Appellant | Yang Hsiu-yun Chang (the person assuming the action from Yueh-lan Wang) | Permanently residing at No. 6 Chia-pu Road West Section, Puzi, Chiayi County |
| Assistant | Chiayi City Government | Established at No. 199 Chungshan Road, Chiayi City |
| Legal representative | Hsing-che Tu | Residing at same as the above |
| Assistant | Chiayi County Government | Established at No. 1 Hsiang-he First Road East Section, Taibao City, Chiayi County |
| Legal representative | Hua-kuan Chang | Residing at same as the above |





| | | |
|---|---|---|
| Assistant | Jung-tsung Chang | Permanently residing at No. 266 Liutzulin, Liuhsiang Village, Shuishang Township, Chiayi County |
| Procedural supervisor | Attorney Yung-sung Lin | |
| Interested party | Pao-chu LEE | Permanently residing at 13F, No. 201-16 Tunwha North Road, Sungshan District, Taipei City |
| Attorney in fact | Attorney Yao-ming Sung Attorney Yao Lin Attorney Hsin-hsin Huang | |
| Respondent | Wen-yuan Luo | Permanently residing at 5F, No. 45 Hangchou South Road Section 1, Chungcheng District, Taipei City |
| Attorney in fact | Attorney Hsin-hsian Huang Attorney Hsuan-I Pan | |
| Respondent | Hsue-ying Luo | Permanently residing at No. 18, Lane 9, Hongan Alley, Hsi-tun Road #3, Hsi-tun District, Taichung City |
| | Hsue-chen Luo | Permanently residing at 10F, No. 456 Longmi Road, Longyuan Neighborhood, Bali District, New Taipei City |
| Attorney in fact for the two persons listed above | Attorney Kuang-chou Yeh Attorney An-chi Chou | |

The court hereby rules as follows on the matter among the foregoing parties, regarding posthumous adoption after the death of a natural father:

    Main text of judgment

Pao-chu LEE is hereby confirmed to be the living spouse of Yung-Ching Wang.

    Reasons

[seal:] Clerk Yu-lin Chang

I. Where an interlocutory issue relating to the litigation proceedings is mature for a decision, the court may first enter a ruling on such issue; this is clearly stipulated by Paragraph 2 of Article 383 of the Code of Civil Procedure. According to Article 51 of Family Proceedings Act, this shall apply mutatis mutandis to family litigation. Moreover, where there is a fact sufficient to prove that the person is the natural father of the child born out of wedlock, the child born out of wedlock, or the mother, or other statutory agent, may claim acknowledgement from the natural father. The claim provided in the preceding paragraph can be filed after the death of the natural father against the father's successors or the social welfare authority if the natural father does not have successors; this is also clearly stated by Article 1067 of the Civil Code. The legislative rationale was to protect the rights of children and the authenticity of bloodlines, in conjunction with the circumstances of our nation, and the fact that heirs of natural fathers can better understand and discern the authenticity of such certifications. Thus, after the death of a natural father, when children born out of wedlock initiate litigation to acknowledge the





existence of a parental relationship, it must be conducted against all legal heirs. Further, Article 985 of the Civil Code (prior to the amendment which took effect on June 5, 1985) provided that '*a person who [already] has a spouse may not contract another marriage.*' Article 992 of the Civil Code provides that '*an interested party may apply to the Court to annul a marriage which violates the provisions of Article 985. But no annulment may be made once the prior marriage has been dissolved.*' Therefore, in a case involving an act of bigamy prior to June 4, 1985, it was incumbent upon an "interested party" to apply to the Court to annul the marriage, since the marriage was not void unless it was annulled.

II. This paternity suit was brought by the Respondents to establish the existence of the parent-child relationship. It was brought against the Appellants, who comprise all of the heirs of YC Wang. Yueh-lan Wang (who is deceased and whose rights have been inherited by the Appellant Yang Shou Yun Chang), Chao Yang (deceased) and the "interested party" PC Lee were YC Wang's First Wife, Second Wife and Third Wife respectively. There is a dispute as to whether PC Lee was a spouse and an heir of YC Wang. The parties have therefore formulated the following issues: (1) Were there any other surviving spouses of YC Wang apart from his First Wife (Wang Yueh Lan)? (2) Were the marriages of those surviving spouses annulled [under Article 992 of the Civil Code]? (3) Were the surviving spouses heirs of YC Wang (with the result that the Respondents lacked the requisite standing? (See page 198 of Bundle I and reverse side of page 186 of Bundle II) These issues concerned the standing of the Respondents. The [First] Respondent Wen-yuan Luo submitted that there was a dispute between the Appellants as to whether PC Lee was an heir of YC Wang. It was therefore unclear to the Respondents whether it was necessary to join PC Lee as a party to this suit (See pages 137-139 of Bundle III). In the circumstances, it was procedurally correct for the Respondents to apply to the Court to enter a ruling on the above issues. Therefore the submissions by Margaret Wang, Charlene Wong, Cher Wang, Walter Wang, Susan Wang, Sandy Wang, Diana Wang, Lora Wang and PC Lee (that the paternity suit should be dismissed if the Court concluded that PC Lee was the spouse of YC Wang; and that the suit could not be saved by joining PC Lee as a defendant after a ruling on the above issues) are rejected.



III. Prior to the amendments which took effect on May 23, 2008, Article 982 of the Civil Code expressly provided that "marriage shall take place in an open ceremony with two or more witnesses; a marriage is presumed to have taken place if it has been registered pursuant to the Household Registration Act." PC Lee claimed that the her marriage with YC Wang took place in an open ceremony at 12 Nongan Street, Taipei City on August 7, 1957 and that two tables of family, friends and neighbors (such as her uncles, aunts, Jiang Yu, Li Cher, Liu Sher Xing, Wang Guo An) were invited to the banquet. These claims were supported by the witness statements of Jiang Yu and Li Cher to which notarized certificates were attached (see pages 48 – 49 of Bundle II). Further, the occurrence of the



marriage was also supported by the notarized statements of YC Wang's sisters Gao Wang Yin Wei and Hsieh Wang Yin Gwei: These statements were to the effect (1) that PC Lee always accompanied YC Wang to meetings in Taiwan or overseas and took care of everything for the Wang Family; (2) that everyone in the Wang Family acknowledged the status of PC Lee as YC Wang's wife; and (3) that YC Wang told his sisters (who provided statements) that his reason for marrying PC Lee was that she could assist him in his career and in family matters (see pages 50-51 of Bundle II). It was confirmed by the witnesses that YC Wang had intended to marry PC Lee, and that an open ceremony had been held. Since YC Wang was married at the time, he committed bigamy by marrying PC Lee. However, as explained above, the marriage was not void (on account of his bigamy) before the amendment to Article 985 of the Civil Code was effected on June 5, 1985. This Court is not aware of any judgment annulling the marriage between YC Wang and PC Lee. PC Lee is therefore confirmed to be a spouse of YC Wang. The Appellant Winston Wong claimed that PC Lee was not stated to be YC Wang's spouse either in YC Wang's household register or in Chang-gung Wang's family tree (see pages 129 – 132 and 222 of Bundle I). However, this was only because Taiwan adopted monogamy: since Wang Yueh Lan had already been registered as YC Wang's spouse, PC Lee could not be registered as such. And the fact that Wang Chang Gung's family tree only referred to Guo Yueh Lan (i.e. Wang Yueh Lan) and Liao Chao (i.e. Yang Chao) as YC Wang's wives does not negate the marriage relationship between YC Wang and PC Lee. Hence it is legitimate for the Appellants Margaret Wang, Charlene Wong, Cher Wang, Walter Wang, Susan Wang, Sandy Wang, Diana Wang, Lora Wang and PC Lee to assert that YC Wang, apart from his First Wife Wang Yueh Lan, had a surviving spouse PC Lee who is not recorded in the Marriage Register. According to Article 383(2) of the Taiwan Code of Civil Procedure, this Court enters a ruling on the above issues by way of the Judgment."

                    July 27, 2015
Family court chief judge   Pang-hao Chen
                 Judge   Han-pao Chu
                 Judge   Kun-lin Li

The above is an official copy made in accordance with the original copy.
No further appeal is permitted to this judgment.
                    July 28, 2015

                  Clerk    Yu-lin Chang

| [seal:] |
| --- |
| Clerk |
| Yu-lin Chang |

| [seal:] |
| --- |
| Taiwan Superior Court Seal |

-4-

TPG

美國紐澤西州聯邦地方法院

原告：CHEN-TEH SHU,　　　　民事案件案號：2:10-CV-05302-JMV-JBC
　　　DONG-XUNG DAI
　　　and ROBERT SHI,
　　　共同為王月蘭之遺囑執行人


被告：SUSAN RUEY-HWA WANG,
　　　PAO CHU LEE,
　　　VANESSA RUEY-JI WONG.

- 1 -

本人李寶珠茲聲明如下：

1. 本人被列為上開訴訟之被告。本人依據美國聯邦民事訴訟法第 12(b)(1)、(2)、(5)、(6)條規定及管轄不便利原則，提出本件支持被告關於駁回原告變更起訴請求(Amended Complaint)之補充聲明(二)書。本人出具此聲明書，以更新本人於 2011 年 3 月 25 日聲明書（「聲明書」）及 2011 年 7 月 14 日之補充聲明書中之部分陳述。

2. 本人已放棄美國國籍，不再是美國公民，並自 2013 年 1 月 28 日生效。

3. 如本人於聲明書所述，本人一向且繼續以臺灣臺北市松山區敦化北路 201-16 號 13 樓為本人主要住所。自 2008 年 10 月起，本人不曾前往或停留於紐澤西州。本人於紐澤西州已無房產，因該房產已於 2012 年 11 月出售。

4. 臺灣高等法院於 2015 年 7 月 27 日之裁定，確認本人乃王永慶唯一現存配偶之事實（本人謹此附上臺灣高等法院裁定之影本為附件 A）。於此裁定，臺灣高等法院否定了王文洋所提出有關本人婚姻狀態之主張。本人瞭解王文洋在現在這些程序中提出部分重複之主張─即本人不是王永慶的合法配偶，因為本人於王永慶之戶口名簿或家譜，皆未被列為王永慶之配偶。

5. 本人就本人於此案程序經合法通知，且合法繫屬於 鈞院管轄乙事，表示反對及異議。但除此之外，本人即將 81 歲且居住在臺灣。本人無法理解，當此案係主張臺灣民事法之請求權並指控涉嫌侵害臺灣婚姻關係下之遺產，本人卻被要求須在紐澤西州為此案辯護，如何能謂公平?如本人先前所述，本人願意就這些指控在臺灣進行回應，臺灣法院充分熟諳王文洋提出之請求。

本人了解美國法律關於偽證罪規定，茲聲明上述皆屬實。

2016 年 4 月 7 日簽署

　　　　　　　　　　　　　　　　　　　　　　　　　　　　／簽名／
　　　　　　　　　　　　　　　　　　　　　　　　　　　　李寶珠

105年度北院民認麟字

北院民認麟字
案　號 111611　日期 APR. 07 2016
Case No.

本文件 _____李寶珠_____ 之簽名或蓋章，於臺灣
臺北地方法院所屬民間公證人南京聯合事務所認證。公證人 陳 幼 麟
Attested at the NanJing Notary Public Office of Taiwan
Taipei District Court, R.O.C., that the signature(s)/seal(s) of
_____LEE, PAO-CHU_____ in this document is/are authentic.
Chen, Yu-Lin
Notary Public
3F-1, 285, Sec.3, Nanjing E. Rd., Taipei, Taiwan, R.O.C.

- 2 -

Exhibit A

# 臺灣高等法院民事裁定

102年度家上更㈠字第6號

| | | |
|---|---|---|
| 上　訴　人 | 王貴雲 | 住臺北市松山區敦化北路201號 |
| | | 居臺北市中山區錦州街284號2樓 |
| | 王雪齡 | 住臺北市中山區建國北路1段80號3樓 |
| | | 居臺北市中山區錦州街284號4樓 |
| | 王雪紅 | 住新北市新店區中正路531號1樓 |
| | | 居臺北市中山區錦州街284號7樓 |
| | 王文祥 | 住臺北市中山區錦州街284號 |
| | 王瑞華 | 住臺北市松山區敦化北路201號 |
| | 王瑞瑜 | 住同上 |
| | 王瑞慧 | 住同上 |
| | 王瑞容 | 住同上 |

上列八人共同
訴訟代理人　涂逸奇律師
　　　　　　林永頌律師
　　　　　　施淑貞律師

| 上　訴　人 | 王文洋 | 住臺北市民生東路3段69號12樓 |
|---|---|---|
| | | 居臺北市信義區松勤街107號 |

訴訟代理人　粘毅群律師
　　　　　　顏鳳君律師
　　　　　　李文中律師
複代理人　　劉宇哲律師

| 上　訴　人 | 張楊綉雲(即王月蘭之承受訴訟人) |
|---|---|
| | 住嘉義縣朴子市嘉朴路西段6號 |
| 輔　佐　人 | 嘉義市政府 |
| | 設嘉義市中山路199號 |
| 法定代理人 | 涂醒哲　　住同上 |
| 輔　佐　人 | 嘉義縣政府 |
| | 設嘉義縣太保市祥和一路東段1號 |
| 法定代理人 | 張花冠　　住同上 |



1　　　　　　　　　　　　　敬啟

| | | |
|---|---|---|
| 輔　佐　人 | 張榮宗 | 住嘉義縣水上鄉柳鄉村柳子林266號 |
| 程序監理人 | 林永頌律師 | |
| 利害關係人 | 李寶珠 | 住臺北市敦化北路201之16號13樓 |
| 訴訟代理人 | 宋耀明律師 | |
| | 林瑤律師 | |
| | 黃欣欣律師 | |
| 被上訴人 | 羅文源 | 住臺北市中正區杭州南路1段45號5樓 |
| 訴訟代理人 | 黃心賢律師 | |
| | 潘宣頤律師 | |
| 被上訴人 | 羅雪映 | 住臺中市西屯區西屯路3段宏安巷9弄18號 |
| | 羅雪貞 | 住新北市八里區龍源里龍米路456號10樓 |
| 上列二人共同 | | |
| 訴訟代理人 | 葉光洲律師 | |
| | 周安琦律師 | |

上列當事人間生父死亡後之認領事件，本院裁定如下：
　　主　文
確認李寶珠為王永慶之現存配偶　【書記官 張郁琳】
　　理　由
一、按訴訟程序上之中間爭點，達於可為裁判之程度者，法院得先為裁定，民事訴訟法第383條第2項定有明文，依家事事件法第51條，此於家事訴訟事件準用之。次按有事實足認其為非婚生子女之生父者，非婚生子女或其生母或其他法定代理人，得向生父提起認領之訴。前項認領之訴，於生父死亡後，得向生父之繼承人為之。生父無繼承人者，得向社會福利主管機關為之。民法第1067條亦有明文。考其立法理由，係為保護子女之權益及血統之真實，並配合我國國情及生父之繼承人較能了解及辨別相關書證之真實性。故非婚生子女於生父死亡後，對於生父之繼承人提起確認親子關係存在之訴

2

，須以法律上之全體繼承人為之。再按民國74年6月5日修正生效前之民法第985條規定：有配偶者，不得重婚。同法第992條規定：結婚違反第985條之規定者，利害關係人，得向法院請求撤銷之。但在前婚姻關係消滅後，不得請求撤銷。是在74年6月4日前重婚者，僅係得由利害關係人向法院請求撤銷該婚姻，在未撤銷前並非當然無效。

二、本件係被上訴人對其等所指之被繼承人王永慶之全體法定繼承人即上訴人等，提起確認親子關係存在之訴，惟訴外人王月蘭（已歿，其權利由上訴人張楊繡雲繼承）、楊嬌（已歿）、利害關係人李寶珠分別為王永慶之大房、二房及三房，則李寶珠是否為王永慶配偶而同屬繼承人之一，尚有疑義，並經兩造列為爭點㈠「王永慶之配偶除大房王月蘭之外，是否尚有其他現生存之配偶？其等與王永慶之婚姻是否經撤銷？是否為王永慶之繼承人而有當事人不適格之情形？」（見本院卷㈠第198頁、㈡第186頁反面），事涉本件當事人適格與否，被上訴人羅文源亦表示兩造對於李寶珠是否為王永慶之繼承人有所爭執，則其是否要追加李寶珠為被告即不確定（見本院卷㈢第137頁、第138至139頁），則被上訴人羅文源請求本院就上開程序上爭點先為中間裁定，即無不合。是以上訴人王貴雲、王雪齡、王雪紅、王文祥、王瑞華、王瑞瑜、王瑞慧、王瑞容及李寶珠抗辯稱：被上訴人並未將李寶珠列為被告，倘鈞院認定李寶珠為王永慶之配偶，即得駁回被上訴人之訴，無由先為中間裁定，再由被上訴人追加李寶珠為被告可能云云，即無足取。

三、按結婚，應有公開儀式及2人以上之證人；經依戶籍法為結婚之登記者，推定其已結婚。97年5月23日修正施行前民法第982條定有明文。李寶珠主張伊與王永慶係於46年8月7日於臺北市農安街12號舉行結婚公開儀式，席開2桌宴請伊之叔叔、嬸嬸、姑姑、江玉、李却、劉學恆、王國安等親友及鄰居等情，業據其提出在場見聞結婚儀式之賓客江玉、李却經公證之證明書為證（見本院卷㈡第48至49頁），佐以王永

3

慶於國內外開會,都是李寶珠陪伴照料,家中大小事均靠她一手張羅,非常辛苦,全家人均知道李寶珠係王永慶之太太,王永慶生前曾告知其妹高王銀尾、謝王銀桂,李寶珠在事業及家庭均能支持幫助他,所以娶她等情,有高王銀尾、謝王銀桂出具經公證之聲明書附卷可參(見本院卷㈡第50至51頁),堪認王永慶確有與李寶珠結婚之意思,並舉行公開儀式,其既屬有配偶之人,復與李寶珠結婚,自屬重婚無誤。惟依首揭說明,民法74年6月5日修正生效前之重婚並非當然無效,本院復查無王永慶與李寶珠間之婚姻業經法院判決撤銷,則李寶珠自屬王永慶之配偶之一,洵堪認定。至上訴人王文洋雖抗辯稱依王永慶除戶謄本及王長庚家譜(見本院卷㈠第129至132頁、第222頁)均未記載李寶珠為王永慶之配偶云云,惟我國係採一夫一妻制,王永慶之配偶欄既已記載為王月蘭,則重婚之李寶珠無從再登記為其配偶,至王長庚家譜雖僅記載郭月蘭(即王月蘭)及廖嬌(即楊嬌)歸王永慶,亦難據以反推王永慶與李寶珠間婚姻關係不存在。從而,上訴人王貴雲、王雪齡、王雪紅、王文祥、王瑞華、王瑞瑜、王瑞慧、王瑞容及李寶珠主張王永慶之配偶除大房王月蘭外,尚有未為婚姻戶籍登記之現存配偶李寶珠等情,即非無據。爰依民事訴訟法第383條第2項規定,就兩造上開訴訟程序上之中間爭點,先為裁定如主文。

中　華　民　國　104　年　7　月　27　日

家事法庭

審判長法官　陳邦豪

法　官　朱漢寶

法　官　李昆霖



正本係照原本作成
不得抗告。

中　華　民　國　104　年　7　月　28　日

書記官　張郁琳

4